| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:94 CR 50 |
| | ) | |
| PALIVIA GWENDELLA LEWIS | ) | |

## OPINION AND ORDER

In 1995, defendant Palivia Gwendella Lewis pleaded guilty to theft of bank funds in violation of 18 U.S.C. § 2113(b). Lewis was sentenced to three years of probation and was ordered to pay restitution in the amount of $16,500.00. On March 12, 2014, Lewis moved to expunge the judicial record of her conviction. (DE # 24.) The court denied the motion. (DE # 25.) On August 10, 2017, Lewis filed a second motion seeking expungement. (DE # 26.) The court will deny that motion for the following reasons.

The Seventh Circuit Court of Appeals previously held that "district courts . . . have jurisdiction to expunge records maintained by the judicial branch." *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (citing *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993)). According to the *Flowers* and *Janik* decisions, "[t]he test for the expungement of judicial records is a balancing test: 'if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.'" *Id.* (quoting *Janik*, 10 F.3d at 472).

However, the Seventh Circuit has since held that in light of the United States Supreme Court decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), both "*Flowers* and *Janik* are overruled." *United States v. Wahi*, 850 F.3d 296, 303

(7th Cir. 2017). While certain statutes give the court expungement authority—*see e.g.*, 18 U.S.C. § 3607(c) (permitting expungement motions in certain drug-possession cases)—a district court's "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case." *Wahi*, 850 F.3d at 302–303.

In the case at hand, Lewis has not provided any statutory basis to give the court expungement authority. She merely argues that her conviction should be expunged for equitable reasons. Therefore, Lewis's motion to expunge (DE # 26) is **DENIED**.

**SO ORDERED.**

Date: August 11, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT